**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 92-8197

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MARK STEVEN ROBERTS,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(September 22, 1993)

Before JONES, DeMOSS, Circuit Judges, and BARBOUR[1], District Judge.

DeMOSS, Circuit Judge:

On November 14, 1991, Mark Steven Roberts and Keith Vernon Hoster, working together, bought 16 ounces of amphetamine and 110 pounds of phenylacetic acid, a listed precursor chemical of amphetamine, from undercover authorities in Hillsboro, Texas. They were arrested.

By a grand jury indictment filed in the Waco Division of the Western District of Texas on December 3, 1991, Roberts and Hoster

---

[1]Chief District Judge of the Southern District of Mississippi, sitting by designation.

were charged with conspiracy to possess with the intent to distribute amphetamine. Pursuant to a plea agreement entered into on February 4, 1992, Roberts waived indictment and pled guilty to a superseding Information charging him with unlawfully possessing with the intent to distribute amphetamine. Eight days later, Hoster did the same.

Roberts and Hoster were sentenced under the Sentencing Guidelines. The district court calculated their sentences based on the amount of amphetamine and phenylacetic acid involved in the subject transaction. In calculating the effect of the phenylacetic acid on their base level offenses, the district court relied upon U.S.S.G. § 2D1.1.

Hoster appealed his sentence, arguing, *inter alia*, that the court's application of section 2D1.1 *vis á vis* the phenylacetic acid conversion was erroneous. In a very thorough and well written opinion, a panel of this court agreed and remanded Hoster's case to district court for resentencing in accordance with the panel's opinion. United States v. Hoster, 988 F.2d 1374, 1383 (5th Cir. 1993).

Roberts now appeals his sentence, alleging the same error found by the panel in Hoster. In light of the panel decision in Hoster, we are bound to remand to the district court for resentencing in accordance with the direction provided therein.

CONVICTION AFFIRMED; SENTENCE VACATED; CAUSE REMANDED FOR RESENTENCING.